IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| GARY V. ST. CLAIR and | § | CASE NO. 09-60792 |
| INA I. ST. CLAIR, | § | |
| | § | |
| Debtors | § | Chapter 13 |

FILED NOV 20 2009 U.S. BANKRUPTCY COURT BY _____ DEPUTY

## OBJECTIONS TO THE AMENDED PLAN

TO THE HONORABLE BANKRUPTCY JUDGE:

NOW COMES JACKIE MATLOCK, a secured creditor herein ("Creditor"), and files these her Objections to the Amended Chapter 13 Plan proposed by Debtors, and would respectfully show this Court the following:

1. The plan is not feasible. Debtors' plan is based in large part on Debtors' estimate that they will net $3,625.00 per month from self-employed machinist work. This exceeds what Debtors claimed to have earned from self-employment in the 6 months prior to filing this case, even though Debtors state they had recently gained full-time outside employment just prior to filing.

2. As of November 17, 2009, Debtors were $2,249.00 in arrears in their payments to Creditor, and $3,750.00 behind in their payments to the Trustee.

3. Debtors' plan should not be confirmed as proposed because Debtors have understated the amount of arrearages due to Creditor. Debtors have scheduled arrears of $26,520.34; Creditor has filed a proof of claim reflecting arrears of $32,214.47. Correctly reflecting the arrears will make the plan unfeasible. Further, Debtors' plan values Creditor's collateral for the arrearage claim at $74,747.49. Creditor's collateral consists of

the 110.00 acres owned by Debtors which they value at $200,000.00. The plan should accurately reflect that the value of Creditor's collateral is $200,000.00. The plan should also provide for interest on Creditor's arrearage claim at the note rate of 7%. Creditor objects to the plan because it proposes to pay no interest on the arrearage claim.

4. The Debtors reference a monthly payment of $745.00 on the manufactured home they live in. There is no creditor scheduled with a security interest in the manufactured home. The plan should not be confirmed because it makes no provision for payment to this creditor.

5. The Debtors will not be able to make all payments under the plan and comply with the plan.

WHEREFORE, PREMISES CONSIDERED, Creditor Jackie Matlock rejects the plan and requests that this Honorable Court deny confirmation of the plan, and grant such other and further relief to which she may show herself justly entitled.

Respectfully submitted,

PALMOS, RUSS, McCULLOUGH & RUSS, L.L.P.
306 Cedar Street, P. O. Box 909
Hearne, Texas 77859
Telephone: (979) 279-3456
Facsimile: (979) 279-3712

By /s/ Molly A. Hedrick
Molly A. Hedrick
State Bar No. 09370595

## CERTIFICATE OF SERVICE

This is to certify that this 18th day of November, 2009, a true and correct copy of the foregoing Objections to the Amended Plan was served on the following in accordance with Local Rule 9013:

DEBTOR:
Gary V. St. Clair
Ina I. St. Clair
614 S. Commerce Street
Bremond, Texas 76629
Via First Class Mail, Postage Prepaid

DEBTORS' ATTORNEY:
Frank S. Steelman
1810 Greenfield Plaza
Bryan, Texas 77802
Via Facsimile to (979) 846-3078

CHAPTER 13 TRUSTEE:
G. Ray Hendren
8310 Capital of Texas Hwy North
Suite 475
Austin, Texas 78731
Via Facsimile to (512) 482-8424

U.S. TRUSTEE:
United States Trustee
903 San Jacinto Blvd., Suite 230
Austin, Texas 78701

_____
Molly A. Hedrick