**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| IN RE:<br>GARY V. ST. CLAIR<br>INA I. ST. CLAIR<br><br><br>**Debtors** | CASE NO: 09-60792 - RBK<br><br><br><br>CHAPTER 13 |

**TRUSTEE'S OBJECTION TO CONFIRMATION OF DEBTORS'**
**PROPOSED CHAPTER 13 PLAN WITH PREJUDICE**

COMES NOW RAY HENDREN, the Chapter 13 Trustee in the above captioned case, and moves this Honorable Court to deny confirmation of Debtors' proposed Chapter 13 plan with prejudice. In support, the Trustee would represent to the Court the following:

1. Debtors filed a voluntary petition on July 6, 2009. The meeting of creditors was held and concluded pursuant to Bankruptcy Code section 341 on August 24, 2009 . The Confirmation hearing was set for September 16, 2009 and was reset to October 7, 2009. Debtors filed their amended plan September 25, 2009 and Confirmation was reset to November 4, 2009. Debtors filed their third amended plan on October 20, 2009 and their fourth amended plan on October 23, 2009 and Confirmation was reset to December 2, 2009 and denied. The Debtors filed their fifth amended plan on December 31, 2009 and Confirmation was reset to February 10, 2010. The plan proposes to pay all allowed priority claims in full, all secured claims to the extent of the value of the collateral, and approximately 2% of each unsecured allowed claim.

2. Feasibility of the proposed Chapter 13 Plan is speculative. A $27,939.19 secured First State Bank claim remains on file in an amount $12,000 higher than treated in the plan. Pursuant to the Agreed Order entered December 30, 2009 between the Debtors and this creditor, Debtors were to sell a custom stock trailer and apply the proceeds to the debt by January 15, 2010, or deliver the trailer to the bank for liquidation. First State Bank has also filed a secured claim in the amount of $16,393.07 which does not appear to be treated in the proposed plan. Further, Debtors now propose to sell part of their homestead to satisfy the claim of Jackie Matlock. Pursuant to the Interim Order on the Trustee's Motion to Dismiss Case issued orally at hearing January 26, 2010, Debtors are to file a Motion to Sell Property and cause the motion to be set for hearing on February 10, 2010. To date, that motion has not been filed. Also, the proposed plan fails to account for $1340 disbursed by the Trustee to Jackie Matlock pursuant to the Court's January 13, 2010 Order Granting Trustee's Motion to Disburse Pre-Confirmation Payments to Secured Creditors.

3. Debtors' ability to make the proposed payments and fund a feasible plan is also speculative. Debtors have failed to supply the Trustee with ongoing post-petition business income and expense reports and bank statements nor have they documented the income asserted on the

means test for the applicable commitment period January 1, 2009 through June 30, 2009. The only income and expense information provided is a cumulative printout for June 1- September 27, 2009. The only bank information provided is an internet printout of bank transactions May 20, 2009 through August 17, 2009 but no copies of the checks and deposits or other identifying check register was provided. The Trustee needs month by month income and expense reports with copies of the actual business and personal bank statements with copies of the cancelled checks as well as year-end paystubs from employment in order to review Debtors' ability to pay. Further, the Trustee requests explanation regarding the deposits on the May-August account statement identified as "wire transfers".

4. On December 23, 2009, the Trustee filed a Motion to Dismiss Case With Prejudice. Through the January 5, 2010 plan payment, Debtors are $8,650 in arrears on proposed payments. The February plan payment of $2750 is additionally due February 5, 2010, prior to the confirmation hearing. The Court has issued an Interim Order on the Trustee's Motion to Dismiss Case, instructing the Debtor to pay $5500 prior to the February 10, 2010 reset confirmation and Motion to Dismiss Hearings or the case shall be dismissed on February 10, 2010. The Court has not ruled on whether the case should be dismissed with a time bar to refiling. This is the sixth case filed by Debtor(s) since year 2002 and the plan currently set for confirmation is the fifth plan proposed in this case. Failure to make payments and repeat case filings are indications of either an inability to pay or a lack of good faith in filing the case and proposing the plan.

5. Also of concern is the fact that Debtors have continued to accrue federal tax liability during the pendency of all of their prior cases. The current IRS claim on file is in the amount of $121,309.57, primarily for tax years 2005-2008 but also including taxes still due for tax years 1996, 1998 and 2003. Debtors have made no provision on their Schedule J for payment of post-petition tax liabilities, nor have they provided proof of any tax deposits made since this case was filed July 6, 2009. Presumably Debtors have accrued additional post-petition tax liabilities during the pendency of this case.

6. A review of the Debtors' 2008 tax return shows some assets or transfers/losses may not have been scheduled by the Debtors, including but not limited to 2 four wheelers, 1 lamb stand, and lamb(s). The Trustee requests that the Debtors amend their schedules and/or statements as necessary. Further, the Debtors' depreciation statement on their 2008 tax return lists 8 cows, but the Debtors' Schedules B and C list only 7. The December 2009 Agreed Order with First State Bank calls for Debtors to sell certain livestock. The Trustee requests that the Debtors verify the current number of cattle.

WHEREFORE, PREMISES CONSIDERED, the Chapter 13 Trustee Ray Hendren prays that, absent Debtors obtaining plan confirmation, the Court enter an Order Denying Confirmation of the proposed Chapter 13 Plan which requires Debtors to dismiss or convert the case within 10 days of the date of the hearing or face dismissal of the case without the need for a further hearing upon the Trustee's submission of an Order Summarily Dismissing Case. The Trustee further prays for such other and further relief as appropriate.

Dated: January 29, 2010          Respectfully Submitted

/s/Ray Hendren
_____

Ray Hendren, Chapter 13 Trustee
8310 Capital Of Tx Hwy N
Suite 475
Austin, Tx 78731
Main: (512)474-6309
Fax: (512)482-8424

**United States Bankruptcy Court**
**Western District of Texas**
**Waco**

IN RE: CASE NO.: **09-60792**
**GARY V. ST. CLAIR**
**INA I. ST. CLAIR** CHAPTER 13

**CERTIFICATE OF SERVICE**
-----------------------------------------

I, Ray Hendren, hereby certify that a true and correct copy of the attached document was served upon the following parties via electronic means as listed on the Court's ECF noticing sytem or by regular mail on **January 29, 2010**.

| | | |
|---|---|---|
| Gary V. St. Clair<br>Ina I. St. Clair<br>614 S. Commerce St.<br>Bremond, TX 76629 | Frank Steelman Attorney At Law<br>1810 Greenfield Plaza<br>Bryan, TX 77802 | Palmos Russ Mccullough & Russ<br>306 Cedar Street<br>Hearne, TX 77859 |
| Vernon And Duray<br>9535 Forest Ln Ste #108<br>Dallas, TX 75243 | | |
| United States Trustee<br>903 San Jacinto<br>Suite 230<br>Austin, TX 79701 | | |

/s/ Ray Hendren
_____
Ray Hendren
Chapter 13 Trustee
8310 Capital Of Tx Hwy N
Suite 475
Austin, Tx 78731